# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ELIJAH NAHUM SIMMONS, )
)
    Movant, )
)
v. ) Case No. CV613-112
) CR610-001
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Elijah Nahum Simmons pled guilty to conspiracy to possess with intent to distribute controlled substances. (Cr. doc. 101.)[1] In doing so, he both waived his direct appeal and collateral review rights.[2] (Cr. doc.

---

[1] Unless otherwise noted, citations are to the docket in Simmons's civil § 2255 case, number CV613-112. "Cr. doc." refers to documents filed under his criminal case, CR610-001. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

[2] The plea agreement states:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Cr. doc. 154 at 8.) Simmons's advisory sentencing range was 262 to 327 months, but the statutory maximum was 240 months. (Presentence Investigation Report ("PSI")

154 at 8; cr. doc. 187 (report and recommendation recommending that despite waiver, Simmons be permitted to appeal his conviction and sentence), *adopted* cr. doc. 191.) Despite the double waiver, Simmons was permitted to appeal his conviction and sentence on the ground that his attorney had refused to file an appeal after Simmons directed him to do so. (Cr. doc. 154 at 15.) On appeal, counsel filed an *Anders* brief. The Court of Appeals agreed that it could find no appealable issues and affirmed Simmons' conviction and sentence. *United States v. Simmons*, 504 F. App'x 823 (11th Cir. 2013). He has now returned to this Court seeking 28 U.S.C. § 2255 relief. (Doc. 1.) His motion should be denied.

## I. ANALYSIS

Simmons raises a single claim for relief. He states that he was erroneously sentenced as a U.S.S.C. § 4B1.1 career offender and that his sentencing and appellate attorneys were ineffective for failing to raise the error at sentencing and on appeal. (Doc. 1 at 3.) Simmons, however, waived all post-plea claims by entering into his plea agreement's double waiver. *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir.

---

at 22.) He was sentenced to serve 240 months. (Cr. doc. 151.) Additionally, the government did not appeal his sentence. As such, he has not shown that he is subject to any sort of exception to his collateral waiver.

2

2009); *United States v. Orozc-Picazo*, 391 F. App'x 761, 771 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to drug and gun conspiracy charges precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines). His double waiver thus precludes his claim, since it does not go to the validity of his guilty-plea agreement. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (IAC claim figuring into validity of defendant's guilty plea is not barred by double waiver) (citing *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) ("there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."); *United States v. Smith*, 759 F.3d 702, 708 (7th Cir. 2014) ("Smith knowingly and voluntarily waived his appellate rights, including his right on appeal to contend that his counsel below was ineffective as to any matter *other than* the waiver and his negotiation of

it.") (emphasis added); *Holland v. United States*, 2014 WL 5241531 at *2-3 (S.D. Ga. Oct 14, 2014).

Simmons has not raised a claim that his counsel somehow misled him into accepting the plea agreement.[3] His only claim goes to a sentencing guidelines error and in his original § 2255 proceedings he actually conceded that he understood and agreed to the waiver. "There is no question that the district court discussed and specifically questioned Movant regarding the plea waiver. There is also no dispute that the record unequivocally show[s] Simmons indicating that he understood the plea waiver."[4] (Cr. doc. 169 at 24.)

---

[3] In his reply brief, he states that the appeal waiver was "involuntary, unknowingly, and unintelligently [entered into] based upon the ineffective assistance of counsel who counseled Petitioner to execute the waiver." (Doc. 4 at 2.) The Court rejects this out of hand, as the claim is entirely conclusory. He offers no facts supporting his contention that he was coerced into signing the plea agreement. Moreover, as noted in text, he has admitted in prior filings and on the record before the sentencing judge that he understood the waiver and did not enter into it under any sort of duress. (Cr. doc. 179 (transcript of Fed. R. Crim. P. 11 proceeding replete with affirmations that he understood the waiver and was entering into it knowingly and voluntarily).)

[4] As the Eleventh Circuit explained, while analyzing an appeal-waiver case:

For such a waiver to be effective, it must be made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either (1) "the district court specifically questioned the defendant" about the waiver during the plea colloquy, or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351. "An appeal waiver includes the waiver of the right to appeal difficult or

## II. CONCLUSION

Elijah Simmons's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 28TH day of October, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam). We have held an appeal waiver valid where the waiver provision was referenced during the plea colloquy and the defendant agreed that she understood the provision and entered into it freely and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

*United States v. Peerani*, 576 F. App'x 949, 950 (11th Cir. 2014); *see also United States v. Bentley*, 571 F. App'x 760, 764 (11th Cir. 2014) ("A sentence appeal waiver must be made knowingly and voluntarily. The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record otherwise makes clear that the defendant understood the full significance of the waiver.") (citation omitted).