UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ELIJAH NAHUM SIMMONS, )
)
    Movant, )
)
v. ) Case No. CV613-112
) CR610-001
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

This 28 U.S.C. § 2255 case was previously terminated because movant Elijah Nahum Simmons had waived his appellate and collateral review rights. (Cr. doc. 154 at 8 (plea agreement))[1]; doc. 10 (order closing the case).) Simmons sought relief from that judgment based upon the Department of Justice's new policy (effective October 2014) directing Assistant United States Attorneys to abstain from seeking such waivers

---

[1] Unless otherwise noted, citations are to the docket in Simmons's civil § 2255 case, number CV613-112. "Cr. doc." refers to documents filed under his criminal case, CR610-001. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

and to decline to enforce them in certain circumstances.[2] (Doc. 12 (motion for relief from judgment); doc. 5 (government's motion explaining new policy as to appellate and collateral waivers).) The Court granted Simmons' motion for relief from judgment and re-assigned the case to the undersigned for further proceedings. (Doc. 13.) It provided Simmons with an attorney and ordered the government to submit a supplemental response to Simmons' § 2255 motion. (Doc. 17.) The government complied, and it concedes that Simmons should be resentenced. (Doc. 20.)

Simmons was sentenced as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.1 based upon two felony controlled substance offenses.[3] (Presentence Investigation Report ("PSI") at 16.) The career offender enhancement pushed Simmons from a criminal history category of V to VI. (*Id.*) This moved his guideline

---

[2] The Court takes no position on whether or not the United States Attorney is empowered to decline to enforce waivers that have been approved by a defendant and accepted by the Court.

[3] Under USSG § 4B1.2(b), a "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

range from 235-240 months to 240 months (the statutory maximum). (PSI at 22.) The government has reviewed certified copies of the state convictions and learned that one of the offenses does not qualify as a controlled substance offense because Simmons was only actually convicted of possession of cocaine, not "possession of cocaine with the intent to distribute." (Doc. 20 at 9.) Accordingly, the government concedes that Simmons' attorneys "erred [by failing to pursue the issue] and that error prejudiced Simmons." (*Id.*) Furthermore, it states that it "would be unable at any evidentiary hearing to present evidence that negates Simmons's claim that he does not have the two predicate controlled substance offense convictions needed to qualify for the career offender enhancement."[4] (*Id.*)

The Court agrees with the government's assertion that Simmons received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).[5] Accordingly, Simmons' motion should be **GRANTED** and he should be resentenced without the USSG § 4B1.1

---

[4] Notably, this is Simmons' sole ground for relief. (Doc. 1 at 3.)

[5] Simmons has met both the deficient performance and prejudice prongs of *Strickland*, for he has shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

3

career enhancement. His current counsel should continue on as Simmons' attorney at resentencing.

**SO REPORTED AND RECOMMENDED** this ___7th___ day of April, 2015.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA